UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL A. HENNAGE,<br><br>Defendant. | Case No.  6:21-po-00162-HBK<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. No. 13) |

On June 6, 2024, Defendant Daniel Hennage ("Defendant" or "Hennage") provided a financial affidavit, Form CJA 23, to the Court.  (Doc. No. 12. "Financial Affidavit").  Hennage was issued a mandatory appearance for violating 36 C.F.R. § 2.17(a)(3), Delivering or Retrieving a Person or Object by Airborne Means (Violation No. 9293687), a Class B misdemeanor.  Hennage's initial appearance is scheduled for August 13, 2024 at 1:00 P.M.  (Doc. No. 11).  The Court construes Hennage's Financial Affidavit as a motion seeking appointment of counsel.  (Doc. No. 13).

A defendant is automatically entitled to the appointment of counsel under certain circumstances, including when charged with a felony or a Class A misdemeanor.  18 U.S.C. § 3006A(a)(1); *Johnson v. Zerbst,* 304 U.S. 458 (1938); *Gideon v. Wainwright,* 372 U.S. 335 (1963). *See also* General Order 663, V.A.1. (E.D. Cal. March 23, 2023).  Otherwise, the court has

discretion to appoint counsel for a defendant charged with a Class B misdemeanor or a petty offense for which a sentence of confinement is authorized. 18 U.S.C. § 3006A(a)(2)(A). In exercising its discretion, the court must find both that: (1) a defendant is financially eligible; and (2) the interests of justice require appointment of counsel. *Id.*, *see also* General Order 663.V.A.2.a.

In determining whether a defendant is financially unable to obtain adequate representation, the court considers "the person's and their dependents' costs for life's necessities, any cost to securing the person's pretrial release, any assent encumbrance, and the likely cost to retain counsel in their case." General Order 663.V.B.2.d. A review of the Defendant's Financial Affidavit indicates Defendant's approximate monthly income is $12,000 per month and value of his home and vehicles are $2,057,000. (Doc. No. 12). Defendant acknowledges he additionally holds stocks/bonds in a retirement account but does not provide a value for the account. (*Id.*). Defendant approximates his monthly expenditures to be $10,235 and has cash in a savings or checking account of $7,000 after monthly expenses. (*Id.*). Notably, Defendant "splits his assets and liabilities with his wife, Shawn Brokemond." (*Id.*). While "any doubts as to a person's eligibility should be resolved in the person's favor," the Court does not find that Hennage's "net financial resources and income are insufficient to obtain qualified counsel." *Standards for Eligibility*, Admin Office of the U.S. Courts, Guide to Judiciary Policies and Procedures, Vol 7, pt. A, §210.40.30. Instead, Defendant's Financial Affidavit reflects that he would be able to afford life necessities if he was required to pay for private counsel. Thus, the Court does not find Hennage financially eligible for appointment of counsel.

Furthermore, at this stage of the proceedings, the Court cannot find that the interests of justice warrant appointment of counsel, even if Defendant was deemed financially eligible. *See generally*, General Order 663.V.A.3. The maximum *possible* penalties Hennage faces, if convicted, include not more than six-month's imprisonment, $5000 fine, five-year term of probation, and $10 special assessment. 18 U.S.C. §§ 1865(a), 3571(b)(6), 3561(c)(2). Counsel must be appointed if a financially eligible defendant <u>will be</u> sentenced to a term of imprisonment; however, "[a] misdemeanor prosecution does not trigger the Sixth Amendment's right to counsel

simply because the crime charged carries with it the possibility of imprisonment." *United States v. Tobey*, 2020 WL 1451590, *3 (E.D. Cal. Mar. 24, 2020); (citing *Scott v. Illinois*, 440 U.S. 367, 73-74 (1979) (holding that appointment of counsel is not required for an indigent defendant when imprisonment upon conviction is authorized but not imposed)).  At this time, there has been no determination whether the government is seeking a term of imprisonment nor that the Court would be inclined to impose one if the Defendant was convicted of the Class B misdemeanor offense.

Accordingly, it is **ORDERED**:

Defendant's construed motion for appointment of counsel (Doc. No. 13) is DENIED.

Dated:   July 11, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE